AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
for the
Western District of Virginia

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
) Case No.   3:23mj44
) 
108 LANKFORD AVENUE )
CHARLOTTESVILLE, VIRGINIA )
)

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the   Western   District of   Virginia  , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C, Section 846 and | conspiracy to distribute a controlled substance, |
| 21 U.S.C., Section 841(a) | distribution of a controlled substance |

The application is based on these facts:
See Affidavit

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____*)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

/s/ George Ott
*Applicant's signature*

George Ott, SA, Drug Enforcement Administration
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
telephone   *(specify reliable electronic means)*.

Date:   September 1, 2023

*Robert S. Ballou*
*Judge's signature*

City and state:   Charlottesville, Virginia   Honorable Robert S. Ballou, U.S. District Judge
*Printed name and title*

## ATTACHMENT A

### Premises to Be Searched

The property to be searched is the entire residential building located at 108 Lankford Avenue, Charlottesville, Virginia, the curtilage, any outbuildings, and any vehicles on the property (the TARGET ADDRESS).

The TARGET ADDRESS is located at 108 Lankford Avenue, Charlottesville, Virginia and is described as a single-family residential home, located in Charlottesville, Virginia. The residence is a two-story white stucco building. The residence has a covered front porch with white columns.



3:23mj44

## ATTACHMENT B

### Property to be Seized

1. All evidence relating to violations of distribution and possession with intent to distribute methamphetamine, cocaine, and fentanyl, in violation of 21 U.S.C. § 841 and conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846, those violations involving Brooks Lorenzo WOODFOLK, and his co-conspirators, and occurring after February 1, 2023, including:

   a. Books, records, receipts, notes, ledgers, and other papers relating to the transporting, ordering, purchasing, and distributing of controlled substances;
   b. Photographs, including still photographs, negatives, video tapes, films, undeveloped film and the contents therein, slides, in particular photographs of co-conspirators, assets, and/or controlled substances;
   c. Address and/or telephone books, rolodex indices and any papers reflecting names, addresses, telephone numbers, pager numbers, fax machines, and/or telex numbers of co-conspirators, sources of supply, customers, financial institutions, and other individuals or businesses with whom a financial relationship exists;
   d. Indicia of occupancy, residency, rental, and/or ownership of the TARGET ADDRESS to be searched, including, but not limited to, utility and telephone bills, cancelled envelopes, rental, purchase, or lease agreements, and keys.
   e. Any conversations, whether through text messages or other applications, concerning the distribution and/or possession with the intent to distribute controlled substances, bulk cash deliveries, or the laundering of drug proceeds.
   f. Lists of customers and related identifying information.
   g. Types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions.
   h. Any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);

    i. Any information relating to the schedule or travel of Brooks WOODFOLK, or any of his known or suspected coconspirators;

    j. All bank records, checks, credit card bills, account information, and other financial records; and

    k. Records and information relating to the identity or location of the suspects.

    l. United States currency, precious metals, jewelry, and financial instruments, including stocks and bonds;

    m. Controlled substances;

    n. Scales, containers, mixers, cutting tools, packaging materials, beaters, burners, and any other drug paraphernalia used in manufacturing, diluting, packaging, and distributing controlled substances;

    o. Firearms and other items pertaining to the possession of firearms, including gun cases, ammunition, ammunition magazines, holsters, spare parts for firearms, firearms cleaning equipment, photographs of firearms or of persons in possession of firearms, and receipts for the purchase and/or repair of all these items;

    p. Electronic equipment, such as cellular telephones (and the data contained within), computers, telex machines, facsimile machines, currency counting machines, telephone answering machines (including listening to any messages recorded on such machines), and related manuals. Additionally, computer software, tapes, discs, CD, DVDs, audio tapes, and the contents therein, containing the information generated by the aforementioned electronic equipment;

    q. Cellular telephones, portable cellular telephones, electronic pagers, and any stored electronic communications or data contained therein.

2. For any computer or storage medium whose seizure is otherwise authorized by this warrant, and any computer or storage medium that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, "COMPUTER"):

    a. evidence of who used, owned, or controlled the COMPUTER at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

b. evidence of software that would allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

c. evidence of the lack of such malicious software;

d. evidence indicating how and when the computer was accessed or used to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;

e. evidence indicating the computer user's state of mind as it relates to the crime under investigation;

f. evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

g. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;

h. evidence of the times the COMPUTER was used;

i. passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

j. documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

k. records of or information about Internet Protocol addresses used by the COMPUTER;

l. records of or information about the COMPUTER's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

m. contextual information necessary to understand the evidence described in this attachment.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware.

The term "storage medium" includes any physical object upon which computer data can be recorded. Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.

During the execution of the search of the TARGET ADDRESS described in Attachment A, law enforcement personnel are authorized to (1) press or swipe the fingers (including thumbs) of any individual, who is found at/in the TARGET ADDRESS and reasonably believed by law enforcement to be a user of a device found at the TARGET ADDRESS, to the fingerprint scanner of the device; (2) hold a device found at the TARGET ADDRESS in front of the face those same individuals and activate the facial recognition feature, for the purpose of attempting to unlock the device in order to search the contents as authorized by this warrant. The proposed warrant does not authorize law enforcement to require that the persons whose device is to be searched state or otherwise provide the password, or identify specific biometric characteristics (including the unique finger(s) or other physical features) that may be used to unlock or access the devices. Nor does the proposed warrant authorize law enforcement to use the fact that the warrant allows law enforcement to obtain the display of any biometric characteristics to compel those persons to state or otherwise provide that information. However, the voluntary disclosure of such information by those persons would be permitted under the proposed warrant. To avoid confusion on that point, if agents in executing the warrant ask any of those persons for the password to any devices, or to identify which biometric characteristic (including the unique finger(s) or other physical features) unlocks any devices, the agents will not state or otherwise imply that the warrant requires the person to provide such information and will make clear that providing any such information is voluntary and that the person is free to refuse the request.